[No. 2189.  Decided May 26, 1896.]

JOSEPH STULB, *Respondent*, v. DAVID G. AINSLIE *et al.*, *Respondents*, WILLIAM MACKINTOSH *et al.*, *Appellants.*

MORTGAGE FORECLOSURE — MARSHALING SECURITIES.

That portion of mortgaged premises conveyed at the instance of the mortgagor by a grantee of the mortgaged premises in a deed absolute on its face, but in reality intended as security, to a corporation chargeable with notice of the nature of the title, is to be sold in satisfaction of the prior mortgage before the remaining portion, under the rule requiring sales to be made in inverse order of alienation.

Appeal from Superior Court, Lewis County.—Hon. W. W. LANGHORNE, Judge.  Affirmed.

*S. C. White*, and *A. E. Rice*, for appellants.

*Frederick V. Holman*, and *Reynolds & Stewart*, for respondents.

The opinion of the court was delivered by

HOYT, C. J.— On February 8, 1888, David G. Ainslie and his wife were the owners in fee simple of a certain tract of land. On that day they executed a mortgage thereon to the Lombard Investment Company. Afterwards they conveyed the same property to one Sherman, by a paper which upon its face purported to be a warranty deed, but which it is conceded was executed for the purposes of security, and therefore only a mortgage as between the grantors and grantee and all others having notice of the facts. Thereafter, by arrangement between the Ainslies and said Sherman a parcel of said land known as the "mill tract" was conveyed by said Sherman to the Ainslie Lumber Company, a corporation, which under the circumstances must be charged with full notice of the nature· of Sherman's title. The execution of this conveyance by Sherman was made in pursuance of the written direction of the Ainslies. In a suit brought for the foreclosure of the mortgage executed to the Lombard Investment Company, the court, in pursuance of proper requests so to do, directed the land covered by the mortgage to be sold in separate parcels, and that the parcel known as the " mill site," which had been conveyed by the Ainslies and Sherman to the lumber company, should be sold. before the remainder of the land covered by the trust deed to Sherman, and the determination of the court that, under the rule that the mortgagee shall, in case some of the property covered by his mortgage has been disposed of by the mortgagor, sell the mortgaged land in the inverse order of its alienation, the mill tract should be sold before the other land covered by the deed to Sherman, is the only error complained of by the appellants, and

if the action of the court in that regard was correct, the decree must be affirmed.

Both parties invoke the same rule. The appellants contend that the deed of Sherman to the Ainslie Lumber Company should be treated as a conveyance of the title by said Sherman as of the date of the deed, and that he having thus conveyed a part of the land and retained another part, the rule in question would require that that part which he retained should be sold in satisfaction of the mortgage which covered both tracts before that which he had conveyed. If the transaction between the Ainslies and Sherman and the Ainslie Lumber Company could be construed in a court of equity as contended for by the appellants, there would be force in this contention, but in our opinion it cannot be so construed. Equity requires that such transaction should be held to have the same effect as though the Ainslies had never conveyed the mill tract to Sherman, but instead had retained title thereto until the date of the deed from Sherman to the lumber company, and had then conveyed directly to it. As between the Ainslies and Sherman, the Ainslies were the owners of the entire property covered by the trust deed to Sherman, and the regular way to have conveyed a perfect title would have been by a deed from the Ainslies and a release of the lien of the trust deed, upon the piece so conveyed, by Sherman, and the fact that for convenience the deed was made by Sherman by express direction of the Ainslies, could in no manner affect the rights of the parties in a court of equity. The most that Sherman can be held to have waived in the execution of the deed to the Ainslie Lumber Company was his right to enforce the trust deed against the property so conveyed. The other rights which the grantee acquired were those

which, under the rules of a court of equity, were then owned by the Ainslies.

It follows that the transaction amounted to a conveyance by the Ainslies to the Ainslie Lumber Company and a release of the security upon the piece so conveyed by Sherman, and since by releasing his security upon this tract he could not be put in a worse condition than he would have been if the tract had never been included in the trust deed, the legal rights of the parties, so far as the determination of the questions involved was concerned, were the same as they would have been if this mill tract had not been covered by the trust deed, and had been conveyed by the Ainslies long after its execution. And since the appellants concede that, if this was the legal effect of the transaction, the rule invoked would require the sale of the mill tract before the other lands covered by the trust deed, it follows that, in our opinion, such was the order in which the property should have been sold, and that in so decreeing the superior court committed no error.

The decree will be affirmed.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.